IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03243-LTB-RTG

CHANNING CURRY,

    Plaintiff,

v.

CHAD MILLER,
PETER JAMES WILSON,
LAMAR POLICE DEPARTMENT, and
CITY OF LAMAR, et al.,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Richard T. Gurley, United States Magistrate Judge**

    This matter comes before the Court on the "Prisoner Complaint (Amended)" (ECF No. 14)[1] filed *pro se* by Plaintiff, Channing Curry, on December 23, 2024. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 17).

    The Court must construe the "Prisoner Complaint (Amended)" (ECF No. 14) liberally because Mr. Curry is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d

---

[1] "(ECF No. 14)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

1

at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. It is respectfully recommended that the "Prisoner Complaint (Amended)" (ECF No. 14) be dismissed in part.

## I. DISCUSSION

**Background**

Mr. Curry is an inmate at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. He initiated this action by filing a "Complaint Pursuant to Title 42 Section 1983 Civil Action (or Bivens)" (ECF No. 1). On November 26, 2024, he filed on the proper form a "Prisoner Complaint (Amended)" (ECF No. 5). On December 11, 2024, he filed another "Prisoner Complaint (Amended)" (ECF No. 7).

In the "Prisoner Complaint (Amended)" (ECF No. 7) filed on December 11, 2024, Mr. Curry asserted one excessive force claim against several police officers in Lamar, Colorado. Mr. Curry indicated he was suing the officers only in their official capacities.

On December 12, 2024, the Court ordered Mr. Curry to file another amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure if he wishes to pursue his claims. Among other things, the Court noted that the official capacity claims must be construed as being asserted against the City of Lamar and that Mr. Curry did not allege any facts that would support a claim against the City of Lamar.

On December 13, 2024, Mr. Curry submitted a "Prisoner Complaint (Amended)" (ECF No. 12) that appears to be a duplicate of one of the prior amended complaints. As noted above, on December 23, 2024, Mr. Curry submitted another "Prisoner Complaint (Amended)" (ECF No. 14). The most recent "Prisoner Complaint (Amended)" (ECF No. 14) is the operative pleading before the Court. *See Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 668 (10th Cir. 2013) ("An amended complaint supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.") (cleaned up).

**The "Prisoner Complaint (Amended)" (ECF No. 14)**

Mr. Curry asserts one claim that his Fourth Amendment rights were violated on October 8, 2024, when he was subjected to excessive force by Lamar police officers Chad Miller and Peter James Wilson. Mr. Curry alleges the officers attacked him and viciously punched him before and after he was in handcuffs. In addition to naming Officer Miller and Officer Wilson as Defendants in their individual capacities, Mr. Curry lists the Lamar Police Department and the City of Lamar as Defendants in the caption of the pleading, and he also lists Prowers County as a Defendant in the text of the pleading. He does not, however, allege any facts in support of a claim against the Lamar Police Department, the City of Lamar, or Prowers County. As relief Mr. Curry seeks damages, a permanent protection order, and a public apology.

**Rule 8**

The twin purposes of a pleading are to give the opposing parties fair notice of the

basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant' s action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor*

4

*Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that their rights have been violated do not entitle *pro se* pleaders to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

As discussed above, Mr. Curry alleges he was subjected to excessive force by Officer Miller and Officer Wilson. He does not allege any facts that support a claim against the Lamar Police Department,[2] the City of Lamar, or Prowers County. Therefore, the excessive force claim should be dismissed to the extent the claim is asserted against the Lamar Police Department, the City of Lamar, and Prowers County.

The Court will not address at this time the merits of the excessive force claim asserted against Officer Miller and Officer Wilson.

## II. RECOMMENDATION

For the reasons set forth herein, it is respectfully

RECOMMENDED that the claims asserted the Lamar Police Department, the City of Lamar, and Prowers County in the "Prisoner Complaint (Amended)" (ECF No.

---

[2] The Court also notes that the Lamar Police Department is not a proper Defendant. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

14) be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the pleading requirements of Rule 8 It is

FURTHER RECOMMENDED that the Lamar Police Department, the City of Lamar, and Prowers County be dismissed as parties to this action. It is

FURTHER RECOMMENDED that the claims asserted against Defendants Chad Miller and Peter James Wilson be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c).[3]

DATED January 22, 2025.

BY THE COURT:

*Richard T. Gurley*

Richard T. Gurley
United States Magistrate Judge

---

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).